Filed 7/20/21  P. v. Dietzman CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JONIE DIETZMAN,<br><br>    Defendant and Appellant. | F080382<br><br>(Super. Ct. No. CR-19-002421)<br><br>**OPINION** |

### THE COURT\*

APPEAL from an order of the Superior Court of Stanislaus County.  Nancy A. Leo, Judge.

Kendall Dawson Wasley, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and Harry Joseph Colombo, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*Before Detjen, Acting P.J., Peña, J. and Snauffer, J.

## INTRODUCTION

Defendant Jonie Dietzman pleaded no contest to first degree felony murder in 1994. After the passage of Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437), defendant filed a Penal Code section 1170.95 petition for resentencing. (Undesignated statutory references are to the Penal Code.) The court denied the petition, noting it did not believe defendant had established a prima face case there was a reasonable likelihood she would be entitled to relief; rather, "she clearly acted as a principal and aided and abetted." Defendant now challenges the denial of her petition and the People concede remand is necessary for the court to issue a show cause order and to hold an evidentiary hearing because the record of conviction did not establish defendant was categorically ineligible for relief.

We agree with the parties, reverse the court's order denying the petition, and remand the matter for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant was charged, in part, with willfully, unlawfully, and feloniously committing and attempting to commit a robbery and burglary, during the commission of which a human being was killed (count I). Her case proceeded to a jury trial in 1994 and, while the jury was deliberating on the charges filed against her, defendant pleaded no contest to count I, first degree felony murder committed during a robbery and burglary. She also pleaded no contest to an enhancement allegation that she was armed with a firearm during the commission of the crime within the meaning of section 12022, subdivision (a). The court sentenced defendant to a term of 25 years to life plus one year for the firearm enhancement. The parties stipulated the evidence presented during the trial provided a factual basis for defendant's plea.

*Petition For Resentencing*

In 2018, defendant submitted a petition for resentencing pursuant to section 1170.95 using a preprinted form. She checked boxes stating she pled no contest to first

2.

or second degree murder in lieu of going to trial because she believed she could be convicted of first or second degree murder at trial pursuant to the felony-murder rule or the natural and probable consequences doctrine; and she could not now be convicted of first or second degree murder in light of changes made to sections 188 and 189, effective January 1, 2019 (pursuant to Senate Bill 1437).

The People responded to the petition, arguing defendant was not entitled to relief because the facts of the case established she was a major participant in the robbery who acted with reckless indifference to human life. They argued defendant went to the victim's home "fully knowing [her coperpetrator] was armed with a loaded sawed-off shotgun." She brought materials to tie up the victims and "helped prevent escape by standing guard after closing the door while [the coperpetrator] threatened violence with the sawed-off shotgun, in close proximity to the killing." Once defendant's coperpetrator killed the victim, defendant searched the victim for money, "and then went from victim to victim taking their money." She tried to tie up the victims and "took a portion of the proceeds as per their plan." The People also moved to dismiss the petition on the grounds that Senate Bill 1437 was unconstitutional.

Defendant filed a reply, arguing she made a prima facie showing she is entitled to relief. She noted the People conceded she was not the actual killer and the jury instructions did not charge her with directly committing or aiding and abetting a murder. Rather, they charged defendant with committing a robbery during the commission of which a human being was killed. Defendant asserted her entitlement to relief depended on the resolution of an issue of fact: whether she was a major participant in the underlying robbery who acted with reckless indifference to human life. She further argued Senate Bill 1437 was constitutional.

The People filed a response to defendant's reply in which they denied defendant made a prima facie showing of entitlement to relief and argued she was ineligible for relief as a major participant who acted with reckless indifference to human life. They

3.

also argued she was barred from relief because she aided and abetted the actual killer. They asserted the prosecution's burden at the prima facie stage is "simply to show that there is enough evidence, notwithstanding the changes to sections 188 and 189, from which a reasonable jury potentially could find [defendant] guilty of murder beyond a reasonable doubt."

The court held a hearing at which it denied defendant's petition. At the hearing, defendant was present and represented by counsel. The People argued the following facts of the case were not in dispute:

> "[Defendant] and her codefendant, Stephens, broke into the home of a known drug dealer, Jose Calderon, to rob him. Stephens was armed with a sawed-off shotgun and demanded money and drugs while [defendant] stood nearby, guarding the front door. And in this home where Calderon lived, there were a number of other people. Stephens ended up shooting Calderon. And while he was on the floor dying, [defendant] removed the money from his pockets and took the money from the other five men that were in the room. She began tying people up with a telephone cord that she carried into the home when she broke into it with Mr. Stephens. She helped Stephens then leave before the police arrived and split the proceeds of the robbery with Stephens."

The People then explained defendant pled guilty. They asserted there was sufficient evidence defendant could be convicted of murder, even under the changes to sections 188 and 189 because she was a "major participant" who acted with malice and reckless indifference to human life. She was also an "aider and abettor to the actual murder."

Defense counsel denied the facts in the case were undisputed. He argued "for the People to be bringing up the details and the particulars on whether or not she was a reckless participant or acted with extreme indifference to human life, or was a major participant, or any of these types of details, is not the time and place for it." He argued the complaint only charged defendant with felony murder, and she was not the actual killer.

4.

In denying defendant's petition, the court held it agreed "under the premise that—whether there's a prima facie showing is whether there's a reasonable likelihood that she would be entitled to relief. But based on the facts of this case, I don't find that to be true at all. Certainly, from the facts of this case, she clearly acted as a principal and aided and abetted. So I don't think that there is a prima facie showing in this matter at all. So that petition will be denied."

## DISCUSSION

Defendant challenges the denial of her petition for resentencing and the parties agree the matter must be remanded for the court to issue an order to show cause and to hold an evidentiary hearing. We agree with the parties, reverse the court's order, and remand for further proceedings.

### 1.     Senate Bill 1437 and Section 1170.95

On September 30, 2018, the Governor signed Senate Bill 1437, which became effective on January 1, 2019. Senate Bill 1437 "amend[s] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) It amends section 188, which defines malice, and section 189, which defines the degrees of murder to address felony-murder liability, and it adds section 1170.95, which provides a procedure by which those convicted of murder can seek retroactive relief if the changes in the law would affect their previously sustained convictions. (Stats. 2018, ch. 1015, §§ 2–4.)

Accordingly, section 188 now provides that, "[e]xcept as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. *Malice shall not be imputed to a person based solely on his or her participation in a crime*." (§ 188, subd. (a)(3), italics added.) The change reflects the

5.

Legislature's intent that "[a] person's culpability for murder must be premised upon that person's own actions and subjective mens rea." (Stats. 2018, ch. 1015, § 1, subd. (g).)

Additionally, section 189 previously stated, "All murder … which is committed in the perpetration of, or attempt to perpetrate, arson, rape, carjacking, robbery, burglary, mayhem, kidnapping, train wrecking, or any act punishable under Section 206, 286, 288, 288a, or 289, or any murder which is perpetrated by means of discharging a firearm from a motor vehicle, intentionally at another person outside of the vehicle with the intent to inflict death, is murder of the first degree."  Senate Bill 1437 amended section 189, in part, by adding subdivision (e) which provides:

> "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) in which a death occurs is liable for murder only if one of the following is proven:  [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."

Newly enacted section 1170.95 permits those "convicted of felony murder or murder under a natural and probable consequences theory [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts …." (*Id.*, subd. (a).)  An offender may file a petition under section 1170.95 where all three of the following conditions are met:

> "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine[;] [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder[;] [¶] [and] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a)(1)–(3).)

6.

A trial court receiving a petition under section 1170.95 "shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section." (§ 1170.95, subd. (c).) If the petitioner has made such a showing, the trial court "shall issue an order to show cause." (*Ibid.*) The trial court must then hold a hearing "to determine whether to vacate the murder conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not been previously been [*sic*] sentenced, provided that the new sentence, if any, is not greater than the initial sentence." (§ 1170.95, subd. (d)(1).)

If a hearing is held, "[t]he prosecutor and the petitioner may rely on the record of conviction or offer new or additional evidence to meet their respective burdens." (§ 1170.95, subd. (d)(3).) "[T]he burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (*Ibid.*) "If the prosecution fails to sustain its burden of proof, the prior conviction, and any allegations and enhancements attached to the conviction, shall be vacated and the petitioner shall be resentenced on the remaining charges." (*Ibid.*)

## 2.     Analysis

Defendant argues there were no facts in the record of conviction that rendered her categorically ineligible for relief as a matter of law. She asserts both the prosecutor's argument and the court's holding denying her petition "rested on judging and analyzing the underlying facts as relevant to a major participant and reckless indifference analysis, which [was] improper at [that] stage of the proceedings." She argues the court erred in requiring her to prove "there's a reasonable likelihood that she would be entitled to relief" and in weighing and judging facts to conclude she had not set forth a prima facie case. The People concede the major participant and reckless indifference to human life inquiries are fact-intensive and not properly conducted at the prima facie stage. They agree the matter should be remanded for further proceedings after the issuance of an

7.

order to show cause. We, too, agree defendant is entitled to a remand for the court to issue an order to show cause and hold an evidentiary hearing at which the prosecution will bear the burden of proving, beyond a reasonable doubt, that defendant is ineligible for resentencing. (§ 1170.95, subd. (d)(3).)

Here, the parties agree defendant's petition established a prima facie showing she is entitled to relief. (§ 1170.95, subd. (c).) Her petition, the related briefing, and the attachments established a complaint, information, or indictment was filed against her that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine. She further alleged she pleaded no contest to first degree murder in lieu of going to trial because she believed she could be convicted of first or second degree murder at trial; and she could not now be convicted of first or second degree murder because of changes to section 188 or 189 made effective January 1, 2019. (§ 1170.95, subd. (a).)

And the parties do not argue, nor does the record before us conclusively establish, defendant was categorically ineligible for relief as a matter of law. Rather, the court had to weigh evidence and facts to conclude defendant was a major participant who acted with reckless indifference to human life or a direct aider and abettor, which was inappropriate at this stage of the petitioning process. (See *People v. Drayton* (2020) 47 Cal.App.5th 965, 980–981 ["[W]hen assessing the prima facie showing, the trial court should assume all facts stated in the section 1170.95 petition are true. [Citation.] The trial court should not evaluate the credibility of the petition's assertions, but it need not credit factual assertions that are untrue as a matter of law …. [I]f the record 'contain[s] facts refuting the allegations made in the petition … the court is justified in making a credibility determination adverse to the petitioner. [Citation.] However, this authority to make determinations without conducting an evidentiary hearing pursuant to section 1170.95, subdivision (d) is limited to readily ascertainable facts from the record (such as the crime of conviction), rather than factfinding involving the weighing of evidence or

8.

the exercise of discretion (such as determining whether the petitioner showed reckless indifference to human life in the commission of the crime)"]; accord, *People v. Duchine* (2021) 60 Cal.App.5th 798, 815 ["prima facie showing the [petitioner] must make is that he [or she] did not, in fact, act [as required] or harbor the mental state required, for a murder conviction under current law" and "the time for weighing and balancing and making findings on the ultimate issues arises at the evidentiary hearing stage rather than the prima facie stage, at least where the record is not dispositive on the factual issues. Thus, absent a record of conviction that conclusively establishes that the petitioner engaged in the requisite acts and had the requisite intent, the trial court should not question [the petitioner's] evidence"]; but see *People v. Garcia* (2020) 57 Cal.App.5th 100, 114–116, review granted Feb. 10, 2021, S265692 [trial court should determine whether substantial evidence supports the conclusion the petitioner *could* still be convicted of murder following the amendments to §§ 188 and 189 in determining if petitioner made prima facie showing of eligibility for relief].)

Because defendant made a prima facie showing of entitlement to relief and the record does not support a conclusion she was categorically ineligible for relief as a matter of law, the court was required to issue an order to show cause and hold a hearing during which the prosecution bears the burden of proving beyond a reasonable doubt that defendant is ineligible for resentencing. (§ 1170.95, subd. (c).) Accordingly, we reverse the court's order denying the petition and remand for further proceedings.

## DISPOSITION

The court's order denying the petition is reversed. The court is directed to issue an order to show cause and to hold a hearing during which the prosecution bears the burden of proving beyond a reasonable doubt that defendant is ineligible for resentencing.